IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


THOMAS F. ROWLAND                                              PLAINTIFF


VS.                                    CASE NO. 06-CV-1098


CHEMTURA CORPORATION                                          DEFENDANT


## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment.  (Doc. No. 23).  The

Plaintiff has filed a response.  (Doc. No. 34).  The Defendant has filed a reply to Plaintiff's

response.  (Doc. No. 40).  The matter is ripe for consideration.


## BACKGROUND

Thomas Rowland was born on November 19, 1953.  In 1975, Rowland earned a bachelor

of science degree in wildlife conservation from Louisiana Tech University.  In November 1976,

he was hired as a lab analyst at Michigan Chemical Company in El Dorado.  Thereafter,

Michigan Chemical was acquired by Velsicol Chemical.  Rowland continued his employment

with Velsicol Chemical as a lab technician.

In 1981, Velsicol Chemical was acquired by Great Lakes Chemical Corporation.  Great

Lakes maintained three manufacturing plants in South Arkansas where bromine was extracted

and used as a base for fire retardants, fumigants and other chemical products.  Great Lakes was

headquartered in West Lafayette, Indiana.

After this acquisition, Rowland continued his employment with Great Lakes in El

Dorado.  In 2002, Rowland was assigned to the Fire Test Station where his job title was fire

suppression scientist.  In 2004, Rowland was transferred from the Fire Test Station to the

Experimental Station.  The Experimental Station was part of the Fluorine Research and

Development Group.  This group supported the research and development activities for the

fluorine products produced in South Arkansas.  The business unit of the Fluorine R&D Group

was located in West Lafayette, Indiana.  The group was part of the company-wide Technology

Department.

        The Experimental Station consisted of two sub-groups: the Fluorine Pilot Plant and the

Laboratory.  The Pilot Plant was the largest sub-group with eight technicians and one supervisor.

This group was responsible for research and development of new fluorine products and the

process for manufacturing these products.  The second sub-group was the Laboratory.  Rowland

worked in the Laboratory as a research chemist.  He was the only employee in this sub-group.

He  was responsible for conducting surface tension testing for fluorine products that were being

designed to put out fires.  Any other testing that was required to be conducted was done either by

outside testing companies or by employees at the Great Lakes R&D facility in West Lafayette.

        In March 2004, Rowland began reporting to Mitchel Cohn.  Mitchel Cohn was located in

West Lafayette, Indiana.  After he began reporting to Cohn, Rowland complained about a breach

in protocol.  He claims that Cohn told him "you better watch out what you say or you might get

fired."

        On July 1, 2005, there was a merger between Great Lakes Chemical and Crompton

Corporation, another chemical company.  Thereafter, Crompton changed its name to Chemtura

Corporation.  Great Lakes Chemical continued as a wholly owned subsidiary of Chemtura.  After

the merger, Rowland continued his employment as a research chemist with Great Lakes in El

2

Dorado.

After the merger between Great Lakes and Crompton, the company began a company-wide reorganization. As part of this reorganization, it was decided that the company would take a more centralized approach to its research and development. Consequently, the Fluorine R&D research and testing that had previously been conducted in El Dorado and West Lafayette were consolidated. Thereafter, all the Fluorine research and testing would be conducted at the West Lafayette facility.

The first step in the consolidation of these two research/testing sites was to move the surface tension testing that was performed in El Dorado to West Lafayette. The function of surface testing was added to the responsibilities of Janet Boggs, a 40 year old chemist at the West Lafayette facility. The equipment used to perform this testing was also moved to West Lafayette.

As a result of this consolidation, Rowland's position of research chemist was eliminated and his employment was terminated on July 29, 2005. Rowland did not post for another job with Great Lakes or Chemtura. He was 51 years old at the time of his termination.

The decision to move the Fluorine R&D operations in South Arkansas to West Lafayette and to eliminate Rowland's position was made by Mitchel Cohn, Senior Process Engineer, Stephan Brandstadter, Technology Manager, and David Sikora, VP/Growth and Emerging Technologies. Each of these managers was over the age of 40 at the time of this decision.

Rowland was the only employee in Fluorine R&D in South Arkansas who was let go in the reduction in force on July 29, 2005. In July 2006, the Pilot Plant, the other Fluorine R&D sub-group in South Arkansas, was shut down. The individuals who worked in this sub-group were given severance options, but each posted for and was hired to a lower paying position in El

3

Dorado.  After the elimination of the Fluorine Pilot Plant and the Laboratory, the Fluorine R&D

Group ceased to exist in South Arkansas.

      At the time of his termination in July 2005, Rowland met with Terry Steen, Human

Resources Manager, and Mitchel Cohn.  During this meeting, Rowland was given a letter from

Chemtura's Human Resources Department.  In this letter, Rowland was offered a severance

package representing 30 weeks of his base salary as well as benefit continuation during the

severance period.  The payment of this severance was conditioned on Rowland executing a

Separation Agreement and Release of claims.  Attached to the agreement and waiver were two

lists.  One list showed the job titles and ages of the 17 Technology Department employees, in

addition to Rowland,  selected for the reduction in force on July 29, 2005.  The second list

showed the job titles and ages of the 400 plus Technology Department employees company-wide

not selected for the July 29 reduction in force.  These lists were provided to Rowland as part of

his separation packet in accordance with the Age Discrimination in Employment Act.  Rowland

was given 21 days to consider the Separation Agreement.  Rowland did not accept the severance

offer and did not execute the Separation Agreement and Release.

      On December 6, 2005, Rowland filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC").  In his EEOC charge, Rowland alleged that he

had been discriminated against by Great Lakes Chemical/Chemtura because of his age.  Rowland

received a Right to Sue letter from the EEOC dated July 31, 2006.

      On  October 30, 2006, Rowland filed suit against Chemtura Corporation.  On March 1,

2007, he amended his Complaint.  In his Amended Complaint, Rowland alleges that he was

terminated because of his age in violation of  the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 626 *et seq.* Rowland alleges that he was the subject of a pattern of discrimination based on his age and that younger employees similarly situated to him were afforded more favorable terms and conditions of employment. He also alleges that he was selected for a reduction in force because he reported a threat of being fired by Mitchel Cohn. Chemtura denies that the decision to terminate Rowland was motivated by any discriminatory intent and contends the decision was based solely on corporate restructuring and consolidation that eliminated Rowland's position. The matter is now before the Court on Chemtura's Motion for Summary Judgment.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its

resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

## DISCUSSION

The ADEA prohibits an employer from discharging or discriminating against an employee in the protected class (age 40 or older) because of the employee's age. 29 U.S.C. § 623(a)(1); 631(a). To establish a claim of age discrimination, a plaintiff may come forward with direct evidence of unlawful discrimination as in *Price-Waterhouse v. Hopkins,* 490 U.S. 228 (1989), or proceed under the three-step burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g., Lee v. Rheem Mfg. Co.,* 432 F.3d 849, 852-53 (8th Cir. 2005). In this case, Rowland argues that he has presented enough evidence to avoid summary judgment under either of these two frameworks.

First, Rowland claims that there is direct evidence that he was terminated because of his

age.  He claims that this direct evidence is in the form of  the two lists showing the ages of those retained and those fired on July 29, 2005.

Direct evidence is evidence showing a "specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employment decision."  *Morgan v. A.G. Edwards & Sons, Inc.,* 486 F.3d 1034, 1042 (8th Cir. 2007) (internal quotations and citations omitted).  In other words, direct evidence is evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the fact finder to infer that such attitude was more likely than not a motivating factor in the employer's decision.  *Id.* at 1043.  However, not all comments showing a discriminatory attitude are sufficiently related to the adverse employment action to support an inference of discrimination.  Stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process will not suffice as direct evidence. *Id.*

In this case, Rowland does not contend that the decisionmakers, Mitchel Cohn, Stephan Brandstadter or David Sikora, made any statements or comments that expressed a discriminatory animus toward older workers.[1]  Rather, he contends that the two lists showing the ages of the employees retained and those fired on July 29, 2005, show that age was a motivating factor in the decision to terminate his employment.  However, there is no evidence of a specific link between these two lists and the decision to discharge Rowland.  The evidence before the Court shows that

---

[1]  The only comment before the Court is one made by Mitchel Cohn in 2004.  He told Rowland that "you better watch out what you say or you might get fired."   This comment is not age related and does not support an inference of discrimination based on age.

the decisionmakers in this case never saw these lists and did not consider Rowland's age or date of birth when deciding to eliminate his position.[2]  These lists were compiled by Human Resources at Chemtura's corporate office in Connecticut and given to the terminated employees in their separation packets.  *See* 29 U.S.C. § 626(f)(1)(H).  The existence of these lists is not direct evidence that Rowland was the victim of unlawful discrimination based on his age.

Rowland also contends that other older workers were terminated before and after he was fired on July 29, 2005.  He claims that there was a pattern of discrimination based on age at Great Lakes.  However, he has admitted that he has no knowledge of the circumstances surrounding the termination of these older employees.  Such an unsupported allegation is not direct evidence of discrimination.

Rowland has failed to produce any direct evidence of age discrimination.  Therefore, his discrimination claim is properly analyzed under the *McDonnell Douglas* framework.  Under *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of discrimination.  To satisfy this burden in the context of a reduction in force case, a plaintiff must show that 1) he is in the protected age group; 2) he met the applicable job qualifications; 3) he was discharged; and 4) there is some "additional evidence " that age was a factor in his termination.  *Bashara v. Black Hills Corporation,* 26 F.3d 820, 823 (8th Cir. 1994);  *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1166 (8th Cir. 1985).  If the plaintiff establishes a *prima facie* case, "a rebuttable presumption of

---

[2]  Rowland repeatedly claims that there is a credibility issue with the sworn testimony of these affiants.  He claims that the fact that they did not see the lists does not mean that they, or someone in a higher position of authority, did not rely upon age when selecting those employees to be terminated.  However, Rowland has not presented any specific facts that would impeach the testimony of the affiants.  Absent such facts, the Court must view their sworn testimony as truthful.

discrimination arises," and "[t]he burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action." *Ramlet v. E.F.Johnson Co.,* 507 F.3d 1149, 1153 (8th Cir. 2007) (citations omitted). "If the defendant provides such a reason, the presumption [of discrimination] disappears, and the burden shifts back to the plaintiff to show that the proffered reason was pretext for age discrimination." *Id.* (citations omitted). To meet this burden, the plaintiff must submit evidence that not only "creates ... a fact issue as to whether [the defendant's] proffered reason is pretextual," but also creates "a reasonable inference that age was a determinative factor" underlying the adverse employment action. *Carraher v. Target Corp.,* 503 F.3d 714, 717 (8th Cir. 2007).

In this case, Chemtura does not dispute that Rowland can establish the first three elements of his *prima facie* case. Therefore, the issue before the Court is whether Rowland has submitted some additional evidence that age was a factor in his termination. Rowland may satisfy this burden by presenting either statistical evidence (such as a pattern of forced early retirement or failure to promote older employees) or circumstantial evidence (such as comments or practices that suggest a preference for younger employees). *Stidham v. Minnesota Mining and Manufacturing, Inc.,* 399 F.3d 935, 938 (8th Cir. 2005) (citations omitted).

There is no statistical evidence before the Court showing that age was a factor in Rowland's termination. Rowland alleges that there was a pattern of terminating older workers before and after he was fired on July 29, 2005.[3] However, he has admitted that he does not know the circumstance of these employees' terminations. He only knows that they were long term

---

[3] Rowland does submit the affidavit of Alice Lee. In her affidavit, Ms. Lee states that she lost her job 2004 when her department was moved to West Lafayette. However, she does not allege that age was a factor in her termination.

employees and they were fired.  This bare allegation is not enough to show a pattern of discrimination.   Thus, it does not provide the "additional evidence" necessary to show that age was a factor in Rowland's termination.

The two lists also do not provide statistical support of Rowland's claims that he was terminated because of his age.  The lists show that the majority of the 17 employees fired on July 29, 2005, were over the age of 40.  However, they also show that the majority of the 400 plus employees retained on July 29, 2005, were in the same protected group.  Thus, these numbers are not sufficient to show that age was a factor in Rowland's termination.

Lacking any statistical evidence, Rowland must rely on an inference of age discrimination derived from circumstantial evidence.  *Id.*  Rowland points to the facts that he was the only employee in the R&D Group in El Dorado terminated on July 29, 2005 and his duties were assigned to a younger worker after he was terminated.  Rowland also points out that the younger employees from the Pilot Plant are still employed at Great Lakes even thought their duties were transferred to West Lafayette.  Although attenuated, the Court finds that this suffices as "some additional evidence that age was a factor" for purposes of Rowland's *prima facie* case.

Having made out his prima facie case, the burden shifts to Chemtura to show a legitimate, nondiscriminatory basis for its decision to terminate Rowland.  *Thomas v. Corwin,* 483 F.3d 516, 529 (8th Cir. 2007).  Chemtura states that after the merger between Great Lakes and Crompton, the company went through a company-wide reorganization.  As part of this reorganization, the Fluorine R&D research and testing that had previously been conducted in El Dorado and West Lafayette were consolidated.  Thereafter, all the Fluorine research and testing would be conducted at the West Lafayette facility.  As a result, Rowland's position in the R&D Group in

10

El Dorado was eliminated and he was terminated.  This is a legitimate nondiscriminatory reason for terminating Rowland's employment.  *See Wilkins v. International Paper Co.,* 2006 WL 3742157 (E.D.Ark. 2006).  Therefore, the burden now shifts back to Rowland to offer proof that would allow a rational fact-finder to conclude that the proffered reason was not the true reason for the employment action, and that age was.  *Yates v. Rexton,* 267 F.3d 793, 800 (8th Cir. 2001) (citing *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507-08 (1993)).

In order to avoid summary judgment at this stage of the *McDonnell Douglas* analysis, Rowland must present evidence that 1) creates a question of material fact as to whether Chemtura's reduction in force was pretextual, and 2) creates a reasonable inference that age was a determinative factor in the company's decision to eliminate his position and terminate his employment.  Rowland claims that the reduction in force was really a pretext to discriminate against older workers because it was very selective as to who would be terminated.  In support of this contention, Rowland points to the fact that he was the only employee in the Fluorine R&D Group in El Dorado who was fired on July 29, 2005.  However, Rowland does not dispute the fact that within the year all Fluorine R& D positions, even those held by the younger employees in the Pilot Plant, were moved to West Lafayette.  The fact that his was the first position consolidated does not make the reduction in force a pretext for age discrimination.

Rowland also contends that his age was a determinative factor in the decision to eliminate his position.  He points to the fact that his duties were assigned to a younger worker after his termination.[4]  However, this fact does not in itself raise an inference of discrimination.  In

_____

[4] Rowland's duties were assigned to Janet Boggs, a chemist in West Lafeyette.  Boggs was in the protected group (age 40) at the time of the assignment.  However, she was younger than Rowland.

11

reduction in forces cases, it is expected that some duties will be taken over by other employees. *Chambers v. Metro. Prop. & Cas. Ins., Co.,* 351 F.3d 848, 855-56 (8th Cir. 2003). The fact that a younger person took over Rowland's responsibilities does not prove that age was a determinative factor in his termination. *See Hanebrink v. Brown Shoe Co.,* 110 F.3d 644, 646 (8th Cir. 1997).

Rowland also contends that younger employees were treated more favorably than he was. Thus, he argues that he was discriminated because of his age. Rowland bears the burden of demonstrating that the employees he alleges were treated more favorably were similarly situated to him, a showing the courts have repeatedly characterized as "rigorous." *EEOC v. Kohler Co.,* 335 F.3d 766, 775 (8th Cir. 2003). "[T]he individuals used for comparison must have dealt with the same supervisor, have been subjected to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Id.* at 776. Rowland has failed to make such a showing. Therefore, their treatment does not create a reasonable inference that age was a determinative factor in Rowland's termination.

Finally, Rowland contends that he was selected for termination because he reported a threat made by Mitchel Cohn. This threat took place in 2004, more than a year before Rowland's termination. This time interval can not justify a causal link between his complaint and the adverse employment action as a matter of law.

Rowland has presented no evidence that the consolidation and reduction in force was not a legitimate business decision on Chemtura's part. There is also no evidence that such action was used as a ploy to get rid of its older workers. Rowland has not demonstrated a "genuine factual controversy regarding whether the legitimate nondiscriminatory reason is a pretext for an intent to discriminate based on age." *Chambers,* 351 F.3d at 855. He has not shown that age played any

12

role in his termination.  Therefore,  Chemtura's Motion for Summary Judgment should be granted.

## **CONCLUSION**

Based on the foregoing, the Court finds that the Defendant Chemtura Corporation's Motion for Summary Judgment should be and hereby is **granted**.  A  judgment of even date, consistent with this Opinion, will be issued.

IT IS SO ORDERED, this 10th day of April, 2008.


            /s/Harry F. Barnes
            Hon. Harry F. Barnes
            United States District Judge

13